we'll call the next case which is Baker v. Blue Valley Unified School District 229 and and other defendants other defendant appellees number 20-3054 counsel you may proceed mr. Baker thank your honor so I represent Terry Baker and her son SFB silo the pseudonym the last name Baker is not a coincidence we the lower court said that we had no standing and said and dismissed the case there are two statutes at play KSA 726262 which is the compulsory school enrollment and its vaccine requirement the other statute is KSA 65508 and that has to do with licensed daycare and youth programs summer camps etc and the qualifications for that which all require a child to be vaccine compliant or that well depending on whether the daycares in the school or somewhere else that either the parent or the student is a an inherent of a religious denomination of a certain theology the district court said that the fact that silo was attending the preschool defeated that alone defeated standing under the school enrollment 6262 as to 65508 the lower court said well you have to try to get him enrolled in a licensed daycare or other youth program and then be denied so you have to subject yourself to it and come back with some sort of denial now we raise an equal protection claim well let me start off with this a silo is no longer in preschool so he's had to change schools into kindergarten so we're now so the fact that he attended school in a preschool and now we're into the kindergarten phase is a different scenario we every year a parent has to say under 7262 62 that and it says in each school year the past is a vaccine compliance some certification from a doctor or make the statement that the child is the adherent now so we raised equal protection claim for the first time on appeal correct you didn't make it I'm sorry did you make an equal protection argument in the district court yes we equal protection claim we said we had standing under equal and we said we had standing under the equal protection claim the the and so so let's just take first the 65508 there is a barrier to silo obtaining any of those public benefits daycare licensed daycare youth programs he does not qualify Terry does not qualify and there is the barrier so this court it's like the voting cases citizenship voting cases that the court has just recently decided which said that look when you have a regimen a statute that requires some photo ID or proof of citizenship the voter doesn't have to actually have to go try to vote or even attempt to comply standing is conveyed by virtue of the regimen itself this is what the court ruled and fish be a Kobach and then recently in fish the Schwab and then they cited the general contractors City of Jacksonville a Supreme Court case which said injury in fact and an equal protection case is the denial of equal treatment resulting from the position of the barrier not the ultimate inability to obtain the benefit so but yet the district court said that we had to come back and say we were actually denied the benefit so and it does not now we have to he has to enter into a kindergarten school we we are disqualified from getting either homeschooling counsel counsel let me just ask you first of all on the standing question I'd like to get to the specific argument you're making in just a second but but it's a threshold question do you read the district court decision as dismissing the case on standing based on the face of the declarations well I she said that she said in a footnote footnote six of page five she said that his opinion was irrelevant so she just said it didn't matter she simply said the fact that he's going to school is dispositive and that the fact that I we hadn't applied or tried to apply in a licensed daycare that was dispositive and that was the end of the story so I think she erred in that because whether I'm not asking about error or not error I'm just I'm just asking whether the the the complaint was dismissed on for lack of the complaint as opposed to a factual attack on the complaint I'm just trying to figure out what category this this decision fits into I well I think it's a combination of both because she on the one hand she said that she wasn't going to rely on Mark Schmidt for the 72 62 62 school she that's irrelevant but then she went into a factual determination that there was no allegation that we had tried to get youth program or any of those other services now maybe she got that from the face of the complaint as well all right well that that actually leads me into to the next question I wanted to ask you about and it has to do with your your argument under the not the 62 62 but the 508 provision why why isn't that a saint one of these someday intention arguments there's this interest in private school or homeschooling but the Supreme Court said in Lujan that without some description of a plan some when that day will come you just don't have support for an actual or imminent injury you know you you had the affiance in that case it was an endangered species that case they wanted to go go back to the Nile and they wanted to go back to places and watch and observe but they hadn't you know they hadn't bought an airplane ticket and so they intended to go out and enjoy endangered species wildlife but they hadn't made any plans to and so why is this case different it's an expression of interest but but where in the record does it show that anything's been done no well it's not Terry expressed more than an interest she said that she was contemplating wanted one of the option to send him to daycare but you cannot plan on sending him to daycare when you're already disqualified so we set that out in the reply that look she said she wants to homeschool consider that and particularly now she wants to have the option of sending him license daycare and youth programs I don't know how you would say in a petition that I plan on doing something that I'm already disqualified from isn't there isn't there also an exemption provision in the in the 508 statute just as there is in the 60 to 60 now there is but here here's how that works so 65 508 says it's the parent that must be the religious adherent 62 62 says it must be the student who is the inherent so even under that the school enrollment in any of the parents religious beliefs it's a non-factor she cannot raise the child according to her religious beliefs it only matters what the student and of course the equal protection part of that problem is even as between students silo is five or four three you can't even be a religious adherent or an adherent to religious denomination so only older students can attain to that status so even if I mean what am I supposed to do interview silo today hey silo but how do you feel about vaccinations do you have a religious belief it's an absurdity so it's an impossibility so he will never qualify for that so that it is the barrier right there that we can't do it and then it's to the exemption for simply you're not going to plan to do something that you've not qualified for she'd like to homeschool she doesn't qualify for that the same vaccine requirements are required there as it is here can we get private schooling no we're disqualified and and right now we're talking to the school about his IEP we made an IEP IDEA claim in the petition and so this idea that kids are going to have to wear masks and you know good luck herding cats on that and he needs to see lips he's he has a hearing issue and needs to see lips so it we're talking about the IEP that probably won't even work but we've not entered into the school we're not doing anything in the school at this point we would like to try to do something else but we can't do it and it's that barrier that we're asking the court to declare allow us to have standing this school year that she wants to have these services we can't get them I don't know how else to say it in a petition but we're back in the parenting business and we'd like licensed daycare we would like to have him in a youth program we can't get there well you say you can't get there but you haven't been denied an opportunity to get there right you just have assumed that it would be denied I'm not assuming the statute itself says you have to be a real an adherent of a religious denomination Terry is not silo is not so I don't need this we don't expect I guess it's how it depends on how you define adherent well well Terry gets to define what she is the court neither the state or an expert on what it is to be an adherent she says and I think you have to accept it she says she's not and why do we have to accept her position that the state would deem her not to be an adherent when we have reason to believe based on the fact that that silo is attending school without objection that that wouldn't be interpreted that way that was last year now this is a new year but to say that you have a facial statute that says you have to say you have to write give a written statement that the parent is an inherent of a certain kind of religious denomination you keep referring to this year aren't we limited in our review to what district court decided well I mean the live controversy is still ongoing well but we're what we need to isn't our task reviewing whether the district court got it right or wrong when the district court decided well that's that and I she I believe she erred erred in the fact that she said that we have to apply to get licensed daycare or that this idea that he's attending school on a temporary basis I mean even the Mark Schmidt affidavit said he only had a current the school only had a current intention there was no promise and there's no and the and the state are is defending these statutes these are not more bond obsolete statutes or a statute that's been declared unconstitutional such as in Winsness or the DSL case which is a kind of a prosecutorial discretion case this isn't a prosecutorial discretion case these the school district has to follow the statute and the regulations are out they are alive and they are vibrant and they're being enforced every day and they're being enforced today in the real world of Terry and silo we just cannot get those services because there is the barrier and we think that is enough to convey standing just as a voter as standing she doesn't have to go try to vote it's that a regimen that conveys standing see my times up Thank You mr. Baker we'll now hear from Kelly Council who's going first I am your honor you may proceed may it please the court my name is Stephanie Lovett Bowman I represent Blue Valley Unified School District 229 in this case mr. R Chalmers is also with us today assistant attorney general for the state of Kansas and he will be speaking on behalf of the state defendants I'm going to try to reserve about five minutes for mr. Chalmers to address the court as well your honors the district court properly dismissed this case for lack of jurisdiction because miss Baker does not have standing miss Baker doesn't have standing for two relatively simple and interrelated reasons miss Baker's son silo was enrolled at Blue Valley schools for his second school year and he was unvaccinated at the time that miss Baker filed this lawsuit miss Baker's concern that someday Blue Valley might change its mind and decide to revoke its acceptance of her religious objection statement to vaccinations on silo's behalf that concern is entirely based on her own speculation there is no concrete injury articulated in the complaint for this case and there's certainly no impending injury because Blue Valley has never threatened to revoke its acceptance of that religious objection statement there's been no change in law that would suggest that Blue Valley might revisit that decision second and related to the first point miss Baker doesn't need any relief from this court she doesn't require redressed she would like silo her son to attend Blue Valley schools and indeed he is attending Blue Valley schools she would like him to be unvaccinated he remains unvaccinated and she believes that Blue Valley is required to accept her religious objection statement as written and it was accepted nothing has happened from Blue Valley's perspective to change anything and there is nothing for this court to fix between these parties Blue Valley and miss Baker this lawsuit is miss Baker has filed will not leave her any better off she simply doesn't need relief from this court miss Baker's complaint as it relates to Blue Valley is essentially that the mere existence of KSA 726262 poses a threat against her that Blue Valley might or in her mind should change its mind and revoke acceptance of a religious objection statement that it has had in place for two school years at the time this complaint was filed the plaintiff here miss Baker is the one bearing the the standing question is not as she has suggested in briefing whether Blue Valley should have in some way harmed her or silo by rejecting the religious objection statement that she submitted that turns the standing inquiry on its head as the district court properly noted the question is whether in the in some way to harm miss Baker by rejecting the religious objection statement that was already made the the declaration that mr. Baker mentioned from a senior administrator overseeing the Health Services Department from Blue Valley was submitted as part of our motion to dismiss briefing and all that the district accepted the religious objection statement that it received silos enrolled and it has nothing has changed there is no expectation that Blue Valley's position will change based on the district courts dismissal order do we do we need to consider the declaration the Schmidt declaration in reviewing the standing decision your honor I would say no because the Schmidt declaration doesn't add anything other than disputing miss Baker's suggestion that came out of nowhere that Blue Valley is likely to change his mind the complaint itself provides essentially what the district court I believe relied on which is the basic fact that silo is enrolled and Blue Valley has accepted the religious objection statement and so whatever disagreement miss Baker may have with the law as written she hasn't been harmed by that law at least by Blue Valley or by Blue Valley's policies why so I don't why did the district court grant an exemption when the Bakers didn't say that SFB is an adherent of a religious denomination as the statute provides the 6262 statute provides we are your honor that the statute doesn't require any sort of magic words be stated by the parent when seeking a religious exemption does it does it does lay out a standard doesn't it it lays out a standard your honor but as I said no magic words so the standard is as mr. Baker has already mentioned that the an adherent to a religious denomination whose religious teachings are opposed to vaccinations but there's no requirement that the school require a specific recitation of those words and in this situation well no I understand that but the statute says the child is an adherent of a religious denomination and the declaration or the not the declaration the the request or the objection didn't address that at all didn't make any claim about that I would respectfully disagree your honor the actual letter submitted by the Bakers for silos behalf said in response to your inquiry about immunization and an you directed us to write a letter stating it is against our religion Terry and I make that statement in this letter Blue Valley anything about the child your honor it does not it as I read the letter it's stating an objection based on the family's belief system but regardless the even if mr. Baker were correct as an academic matter that that had some has misinterpreted the way that it should apply KSA 726262 it doesn't matter because the the Blue Valley has accepted the statement provided mr. Baker's or the Baker's theory here is actually one that bears some noting because their entire theory here is that Blue Valley should have rejected this religious objection statement and therefore in in their theory of the case in doing that would have violated silos constitutional rights and Miss Baker's constitutional rights which is a theory that is hard difficult to understand even at the outset but the reality is they the school district accepted this statement and so it becomes very academic to parse the the statute as it relates to my client Blue Valley because Blue Valley has not he already has all the relief that he could want because he's enrolled in Blue Valley schools the complaint doesn't include by the way any allegation that Miss Baker hesitated to submit this statement to Blue Valley that she was concerned but by existence of the statute that it would be rejected there's no allegation like that there is no allegation that Blue Valley dictated or coerced the way that her statement was provided the allegations are very simple she should she submitted the statement it was accepted and silo has gone to school and silo remains in school I'd like to briefly address a point that mr. Baker brought up that I I believe the court has already noted is is not relevant to the standing question but since he brought it up mr. Baker has suggested that the the school will consider consider things differently now that silo is a kindergartner and that's not accurate under 726262 once a religious objection statement is submitted then it is submitted and there's no annual resubmission requirement the as I mentioned previously the mere sort of abstract existence of KSA 7262 doesn't doesn't affect this this case at all because miss Baker has not been harmed by that statute or Blue Valley's policy implementing that statute I can see that I'm getting very close to my the five minutes I promised mr. Chalmers so if the court doesn't have any further questions I I would ask in closing that the court affirmed the district courts ruling dismissing this case because miss Baker lacks standing and I will yield the remainder of our defendants time to mr. Chalmers thank you thank you may it please the court my name is Arthur Chalmers I represent would have been described as state defendants to answer one of the questions that judge Matheson's asked I think this is a case that is decided on the pleading I think the question is whether or not there's a the facts alleged not the conclusions the facts alleged develop a plausible claim for standing now like to do I would agree with and it's counsel authority provided her position on that it justifies that but I would I would emphasize that in the amended complaint there are that I was able to find at paragraphs 34 and paragraphs 175 the allegations that Terry and that's how they refer to miss Baker would like the option of enrolling her son now we're talking about a non-accredited private school and that Terry would like the like to utilize a school-age program or daycare or child care facility for the son that doesn't get you to the imminent injury that I think needs to be alleged when you're lat when you're requesting prospective declaratory injunctor for the council you mr. Chalmers could you address the argument mr. Baker was presenting this morning about an equal protection barrier of access to these programs I'll try I I've understood the equal protection argument to be what judged in the cottage described as an equal footing doctrine and in the Schultz case that's the case that was cited in 2005 and it's talking about where the injury itself goes to the barrier that's being put in place I acknowledge that equal protection and when you look at standing it's a different analysis depending on what the constitutional injury that's being claimed but you still have to have that imminence of injury and I think the Schultz case does a pretty good job of describing that that's the case where there was an individual that was an hunter he was seeking a permit and there were three different requirements for permits to whom they found standing the third where he said look I would like to have the ability to go out without having to have a guide and he was making equal protection claims saying look only non-residents have to have a guide the residents don't have and what the court in that case is is that I can kind of quote it here he alleges he would like to hunt in the wilderness areas in the future without a guide but at this time he's filed for summary judgment he has not yet applied for a 2003 URL licenses and established the guide statute in fact limited his hunting option standing is not conferred by conjecture or speculation I think we're still back into the someday intense your honor someday Miss Baker might apparently might take the position I want to send my son to these daycare programs or something else but that is not an imminent injury that Justice Scalia was talking about when he says a real and imminent threat to being injured I don't think that crosses standing threshold frankly my bigger concern in this case and at risk of presumptuous is that the court would send it back to the district court saying yeah judge Teeter got it right but I'm going to remain to allow the opportunity to try to amend to fill in some of the facts that weren't contained in the and and there's some reason why that doesn't make sense here I think that that's what you would do in a pro se case I'm not sure that I found cases where that it really applies in a non process but here even the facts that cure his problem it still is a someday sort of things well if she can't do this if the child can't get into daycare or can't get into school then we might do this we still don't have that imminence of injury but secondly there's been no request to be made to amend the complaint in fact in this case there was an amendment filed after the motion to dismiss where the issues of standings were raked and then there's an initial feature that maybe cuts against trying to remand back and that is this is not the first case that mr. Baker brought in federal court there was another case that had been in that case had been stayed in part and in part just under our dismissed under abstention after the briefing in this case concluded mr. Baker was given relief from that order filed an amended complaint when a motion was dismissed wedging lack of standing he June 29 2020 filed a lawsuit in state court Shawnee County District Court that's 2020 CD 3 5 4 in which he alleges the very sort of claims here in the state court in other words this is not a case where I think we send it back for judicial convenience or economy to give him a chance to cure he's right counsel you're up you're over time I think that we understand your argument and time is expired so we will thank counsel for the arguments this morning consider the case submitted and counsel are excused thank you